Carroll
No. 92-534

ALVIN R. WHITE & a.

v.

ALFRED R. FRANCOEUR & a.

March 18, 1994

*McKean, Mattson & Latici, P.A.*, of Gilford (*Steven M. Latici* on the brief and orally), for plaintiffs Alvin and Barbara White.

*Barto and Puffer, P.A.*, of Concord (*Mark H. Puffer* on the brief and orally), for plaintiff Town of Wolfeboro.

*Roger F. Murray, III*, of Wolfeboro, by brief and orally, for defendants Alfred and Janet Francoeur.

*David P. Carlson*, of Berlin, for the Berlin City Bank, filed no brief.

*Peter M. Cole*, of Ossipee, for Samuel and Douglas Dame, filed no brief.

*John C. Boeckeler*, of Manchester, for Cooper, Hall, Whittum and Shillaber, filed no brief.

HORTON, J.  The defendants, Alfred and Janet Francoeur, appeal the Superior Court's (*Dickson*, J.) order awarding attorney's fees to the plaintiffs, Alvin and Barbara White and attorney's fees, costs, and penalties to the Town of Wolfeboro (town). We reverse.

This claim arose out of a dispute over title to a triangular piece of land on Lake Wentworth in the Town of Wolfeboro. The parcel, described as lot 3, was carved out of a larger tract owned by Allen "A" Realty, Inc., a successor corporation to a limited partnership, Allen "A" Associates. Allen "A" Realty, Inc. conveyed lot 3 to Samuel Dame, a former limited partner in Allen "A" Associates, by warranty deed dated January 24, 1978. In May 1983, Dame transferred title to the Francoeurs by warranty deed. The metes and bounds description in the warranty deeds of the Francoeurs and Dame conformed to an earlier unapproved subdivision plan that described lot 3 as having frontage on Lake Wentworth. The deeds also referred to an approved and recorded subdivision plan that showed lot 3 as having no frontage on Lake Wentworth.

The Whites owned property adjoining lot 3 and entered into an agreement to sell the beach, abutting the Francoeur's property, to the town. A title search revealed the inconsistent descriptions in the Francoeur's deed. Nevertheless, title to the beach was transferred to the town with funds being held in escrow pending resolution of the cloud on the town's title. The Whites and the town filed a petition for declaratory judgment, injunction, damages and other relief against the Francoeurs, claiming ownership to the disputed frontage based upon the recorded subdivision plan. The Francoeurs defended the action, relying on the metes and bounds description in their deed, Dame's representations at the time of transfer that the property had frontage on Lake Wentworth, and their and their predecessor's use of the disputed frontage.

The superior court found that the conflicting metes and bounds description in the deed was "the result of a plain mistake," and only the recorded subdivision plan could have been conveyed by Allen "A" Realty, Inc. to Dame and subsequently to the Francoeurs. The court reformed the deed to comply with the recorded subdivision plan and awarded the Whites attorney's fees and the town costs, penalties, and attorney's fees pursuant to RSA 676:17, II (1986). The Francoeurs filed a motion to set aside the award of attorney's fees to the Whites and a motion to set aside attorney's fees, costs, and penalties to the town. The superior court denied the motions relying on our decision in *Keenan v. Fearon*, 130 N.H. 494, 502, 543 A.2d 1379, 1383 (1988), and its power "to award counsel fees in any action commenced, prolonged, required or defended without any reasonable basis in facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be."

On appeal, the Francoeurs argue that their defense was not patently unreasonable and therefore the trial court abused its discretion in awarding counsel fees to the plaintiffs. We agree.

The general rule in New Hampshire is that each party to a lawsuit is responsible for his or her own attorney's fees. *See Guaraldi v. Trans-Lease Group*, 136 N.H. 457, 462, 617 A.2d 648, 651 (1992); *Adams v. Bradshaw*, 135 N.H. 7, 16, 599 A.2d 481, 487 (1991), *cert. denied*, 112 S. Ct. 1560 (1992). Fees may be awarded to the prevailing litigant only by "statutory authorization, an agreement between the parties, or an established exception." *Maquire v. Merrimack Mut. Ins. Co.*, 133 N.H. 51, 55, 573 A.2d 451, 453 (1990). We

have recognized an exception for those who are "forced to litigate against an opponent whose position is patently unreasonable." *Keenan*, 130 N.H. at 502, 543 A.2d at 1383. Further, we have held that a court has the "power to award counsel fees in any action commenced, prolonged, required or defended without any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be." *Id.* We review the award of attorney's fees for abuse of discretion. *Maguire*, 133 N.H. at 54, 573 A.2d at 453. "To constitute an abuse, reversible on appeal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party." *Id.* at 56, 573 A.2d at 454 (quotation omitted).

In the present case, the trial court found that because the conflicting descriptions in the deed were a result of "plain mistake," the conveyance to the defendants was invalid, and they had no reasonable basis to defend the action. Assuming that a mistake was made in drafting the deed, however, we note that the issue remained as to which of the inconsistent descriptions controlled: the metes and bounds description in the deed or the reference to the recorded subdivision plan. We have not previously decided this question, and the plaintiffs did not have such a "clearly defined and established right" that they should not have been forced to litigate the issue. *See Harkeem v. Adams*, 117 N.H. 687, 691, 377 A.2d 617, 619 (1977). While we do not decide the issue in this case, there is authority for the proposition that "if the [metes and bounds] description in the deed is intended to be superior to the plat, or is not intended to be a mere secondary restatement of the description in the plat, the deed description will prevail." R. POWELL & P. ROHAN, 6A POWELL ON REAL PROPERTY ¶ 899[3] at 81A–113 to 81A–114 (1993). Accordingly, the defendants argued that the intent of the parties controlled the interpretation of the deed, and that evidence such as the conduct of the parties to the deed and of subsequent owners was admissible to determine which tract of land the parties intended to convey. *See MacKay v. Breault*, 121 N.H. 135, 139–40, 427 A.2d 1099, 1101 (1981). The record contains the following evidence in support of the defendants' argument that the parties to the deed intended the lot to include the disputed shore frontage: Dame and the Francoeurs maintained and used the disputed area; Dame's use or ownership of the frontage was never disputed; Dame represented to the Francoeurs that the lot included the frontage; and Norval Smith, president of Allen "A" Realty, Inc., never objected to Dame's or the Francoeurs' use of the frontage during his ownership of the abutting property.

The fact that the trial court found that the grantor intended the contrary does not alone warrant an award of attorney's fees. *See Daigle v. City of Portsmouth*, 137 N.H. 572, 575, 630 A.2d 776, 777 (1993). Based upon our review of the law and the evidence, we cannot hold that the defendants' position—that the metes and bounds description in the deed controlled over the reference to the recorded subdivision—was patently unreasonable.

■ The trial court also focused on the illegality of the metes and bounds conveyance. We agree that the conveyance violated the subdivision statute. The defendants, however, correctly argued that a conveyance in violation of a subdivision plat is not void. *See* P. LOUGHLIN, 1 LAND USE PLANNING AND ZONING § 351, at 3–59 to 3–60 (1990). RSA 676:16 (1986 & Supp. 1993) provides that the grantor who transfers or sells a lot in violation of a subdivision must pay a civil fine. The statutory history of RSA 676:16 buttresses the defendants' position. In 1969, the legislature expressly provided that a conveyance in violation of a subdivision was void. Laws 1969, 185:1. In 1970, the legislature repealed this provision. Laws 1970, 21:1. Therefore, only illegal conveyances made between July 27, 1969, and July 3, 1970, are void. *See* LOUGHLIN *supra*; NEW HAMPSHIRE BAR ASSOCIATION TITLE EXAMINATION STANDARDS § 5–14, at 7 (1988). The original conveyance from Allen "A" Realty, Inc. to Dame occurred in 1977. If the trial court had found that the metes and bounds description in the deed controlled, the Francoeurs would have had title to the illegal, unapproved lot. Therefore, we conclude that the Francoeurs' defense was not "without any reasonable basis in the facts provable by the evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be," *Keenan*, 130 N.H. at 502, 543 A.2d at 1383, and we hold that the trial court abused its discretion in awarding counsel fees to the plaintiffs.

We turn now to the award of attorney's fees, costs and penalties to the town pursuant to RSA 676:17, II. A trial court may award attorney's fees, costs and penalties to a prevailing municipality in any legal action "brought . . . to *enforce*, by way of injunctive relief as provided by RSA 676:15 or otherwise, any local ordinance, code or regulation adopted under this title, or to enforce any planning board . . . decision made pursuant to this title." RSA 676:17, II (emphasis added). RSA 676:15 (Supp. 1993) provides for injunctive relief where a "building or structure or part thereof is or is proposed to be erected, constructed, altered or reconstructed, or any land is or is proposed to be used in violation of . . . any provision or specification of an application, plat, or plan."

The Francoeurs challenge the fee award to the town on the basis that the substance of the town's case was a title action, not an enforcement action. In response, the town contends that it was entitled to fees under the plain language of RSA 676:17, II as it was successful in bringing an action to enjoin the defendants from *using* a lot in violation of the town's subdivision regulations. Because we find that the enforcement action was a *de minimis* portion of the town's case and the court's findings do not support an award of fees and costs under RSA 676:17, II, we reverse the award of attorney's fees and costs to the town. We note that it is unclear from the record whether the trial court awarded the town penalties under RSA 676:17, II. To the extent that such an award was granted, we also reverse the award of penalties.

■ In evaluating the trial court's award of statutory attorney's fees, the validity of the award is not determined by the form of the action but by its substance. *Cf. Belcher v. Paine,* 136 N.H. 137, 149, 612 A.2d 1318, 1326 (1992); *Kantor v. The Norwood Group,* 127 N.H. 831, 834, 508 A.2d 1078, 1081 (1986); *Lakeman v. LaFrance,* 102 N.H. 300, 305, 156 A.2d 123, 127 (1959). This action arose when the town purchased the land abutting the defendants' property. The town sought to remove the cloud on its title created by the inconsistent descriptions in the Francoeurs' deed. Hence, the title dispute was the crux of this action. This is evident by the court's order: the town of Wolfeboro was declared to be the owner in fee simple absolute of the shore frontage, and the deed was reformed to comply with the recorded subdivision plan. We acknowledge that the court also enjoined the Francoeurs from using the property; however, once the town was declared the owner of the frontage, the injunction became unnecessary. In fact, the primary importance of the subdivision violation was that it constituted evidence in support of the town's title action: it was proof that the grantor intended to convey the lot as recorded on the approved subdivision plan. Upon review, we are convinced that this was not an enforcement action under RSA 676:17, II, but a title action. In seeking a declaratory judgment against the Francoeurs, the town was acting in the capacity of a land owner, contesting title for itself, rather than for the purpose of "promoting the health, safety, or the general welfare of the community," by *enforcing* its subdivision regulations. RSA 674:16, I (1986 & Supp. 1993).

■ Our review of the trial court's findings also leads us to the conclusion that it was an abuse of discretion for the trial court to award fees, penalties, and costs under RSA 676:17, II. The trial court

found that the Francoeurs owned the lot as approved and recorded on the subdivision plan. Therefore, there was no subdivision violation for the town to enforce. At most the Francoeurs could be accused of trespassing on their neighbor's property. In contrast, if the trial court had found that the metes and bounds description controlled and the Francoeurs prevailed, there would have been a subdivision violation for the town to enforce and injunctive relief would have been a necessary component of the town's claim. Because this was not the case, we hold that the trial court's findings do not sustain an award of attorney's fees under RSA 676:17, II.

Accordingly, we reverse the award of attorney's fees to the Whites and the award of attorney's fees, costs, and penalties to the town under RSA 676:17, II. This holding does not prejudice the plaintiffs' right to costs pursuant to Superior Court Rule 87.

*Reversed.*

THAYER, J., did not sit; the others concurred.