Hillsborough-northern judicial district
No. 94-157

BUSINESS PUBLICATIONS, INC.

v.

ROBERT STEPHEN AND JAMES FINNEGAN

August 14, 1995

*Shaheen, Cappiello, Stein & Gordon, P.A.*, of Concord (*Michael J. Sheehan* and *Steven M. Gordon* on the brief, and *Mr. Sheehan* orally), for the plaintiff.

*Douglas & Douglas*, of Concord (*Charles G. Douglas, III* and *C. Kevin Leonard* on the brief, and *Mr. Douglas* orally), for the defendants.

JOHNSON, J. The sole question presented in this appeal is whether the Superior Court (*Sullivan,* J.) properly declined to award attorney's fees to the defendants, Robert Stephen and James Finnegan. The plaintiff, Business Publications, Inc., brought an abuse of process claim after the defendants brought an action against the plaintiff for libel. The superior court dismissed the abuse of process claim but denied the defendants' motion for attorney's fees. We reverse and remand.

In April 1993, the plaintiff published an article in which the defendants were alleged to have "spent the better part of a fortnight denying that they spent some time schmoozing with a racketeer while at Rockingham Park race track." As a consequence, the defendants filed in superior court a complaint in which they requested compensatory damages for the plaintiff's "defamatory and malicious allegations."

On August 31, 1993, the plaintiff sued the defendants for abuse of process. Prior to this suit, the plaintiff neither moved to dismiss the defendants' action nor moved for summary judgment. The defendants' original defamation action is still pending.

The only "process" alleged in the plaintiff's writ of summons was the initiation of the defamation suit by the defendants and "certain actions taken in connection" therewith. On November 1, 1993, the defendants moved to dismiss the abuse of process claim. Several days later the plaintiff moved to consolidate the defamation and abuse of process suits. The trial court granted the motion to consolidate.

The defendants then filed a motion to reconsider the consolidation in which they argued that the mere filing of a lawsuit cannot support an abuse of process claim. The court, upon reconsideration,

agreed that the plaintiff had mischaracterized its cause of action as abuse of process when the true claim was malicious prosecution. The law is well settled that a party may not sue for malicious prosecution until after the underlying proceeding has terminated in its favor. *See ERG, Inc. v. Barnes*, 137 N.H. 186, 190, 624 A.2d 555, 558 (1993). The order to consolidate was thus vacated. The defendants again moved to dismiss the abuse of process claim and requested attorney's fees. The court granted the motion to dismiss but did not address the question of attorney's fees. The defendants filed another motion for attorney's fees, to which the plaintiff objected. The trial court denied the motion, and the defendants appealed.

■ The sole issue on appeal is whether the refusal to award attorney's fees was proper. "We will not overturn the trial court's decision concerning attorney's fees absent an abuse of discretion." *Clipper Affiliates v. Checovich*, 138 N.H. 271, 278, 638 A.2d 791, 796 (1994).

Although parties generally are responsible for their own attorney's fees,

> [w]e have recognized exceptions where an individual is forced to seek judicial assistance to secure a clearly defined and established right if bad faith can be established; where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct; as compensation for those who are forced to litigate in order to enjoy what a court has already decreed; and for those who are forced to litigate against an opponent whose position is patently unreasonable.

*Id.* (brackets, citation, and quotations omitted); *see also* RSA 507:15 (Supp. 1994); SUPER. CT. R. 59.

The plaintiff argues that it should not have to pay the defendants' attorney's fees because the law is unclear as to whether the filing of a lawsuit and commencing discovery constitutes "process" in the abuse of process context. We disagree.

■ Despite the plaintiff's contention, the general rule is that "the initiation of vexatious civil proceedings known to be groundless is *not* abuse of process, but is governed by substantially the same rules as the malicious prosecution of criminal proceedings." 52 AM. JUR. 2D *Malicious Prosecution* § 2 (1970) (emphasis added); *see, e.g., Nienstedt v. Wetzel*, 651 P.2d 876, 881 (Ariz. Ct. App. 1982); *Bown v. Hamilton*, 601 A.2d 1074, 1079 n.14, 1080 (D.C. 1992); *Comm. Nat. Bank in Monmouth v. McCrery*, 509 N.E.2d 122, 124 (Ill. App. Ct.), *appeal denied*, 575 N.E.2d 104 (Ill. 1987); *Packard v.*

*Central Maine Power Co.*, 477 A.2d 264, 267 (Me. 1984); *Herring v. Citizens Bank and Trust Company*, 321 A.2d 182, 188-89, 190 (Md. Ct. Spec. App. 1974); *Meehan v. Michigan Bell Telephone Co.*, 436 N.W.2d 711, 726-27 (Mich. Ct. App. 1989); *Gore v. Taylor*, 792 P.2d 432, 435 & n.7 (Okl. Ct. App. 1990); *Rosen v. Tesoro Petroleum Corp.*, 582 A.2d 27, 33 (Pa. Super. 1990), *appeal denied*, 592 A.2d 1303 (Pa. 1991); *Brough v. Foley*, 572 A.2d 63, 67-68 (R.I. 1990); *Brishky v. State*, 479 N.W.2d 489, 495 (S.D. 1991); *Jacobsen v. Garzo*, 542 A.2d 265, 267-68 (Vt. 1988); *Bosler v. Shuck*, 714 P.2d 1231, 1234 (Wyo. 1986).

■ This view is firmly entrenched in New Hampshire law. In *Long v. Long*, 136 N.H. 25, 611 A.2d 620 (1992), this court established that "an action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing the process to issue, while the former is concerned with the improper use of process *after it has been issued." Id.* at 30, 611 A.2d at 623 (quotation and brackets omitted, emphasis added); *see, e.g., Friel v. Plumer*, 69 N.H. 498, 499, 43 A. 618, 618 (1898).

In *Long*, we adopted the RESTATEMENT (SECOND) OF TORTS definition of abuse of process, which states in part:

"The gravamen of the misconduct for which [liability for abuse of process] is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings . . . . The subsequent misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed under the rule stated in this Section."

*Long*, 136 N.H. at 29-30, 611 A.2d at 623 (quoting RESTATEMENT (SECOND) OF TORTS § 682 comment *a* at 474 (1977)); *see also* W. KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 121, at 897 (5th ed. 1984).

Moreover, "where a court's authority is not used, there is no 'process.'" *Long*, 136 N.H. at 31, 611 A.2d at 624.

[T]he institution of an action is not a process of the court. Rather, an action is instituted upon the filing of a pleading or complaint by a party. Process is issued by the court, under its official seal. It is any means used by the court to acquire or to exercise its jurisdiction over a person or over specific property. . . . The fact that the [defendants] may have had an ulterior purpose or bad motive in filing suit

. . . cannot be construed as having any relation to a process of the court.

*Comm. Nat. Bank in Monmouth*, 509 N.E.2d at 124.

We conclude that the plaintiff's abuse of process allegation was "without any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be." *Keenan v. Fearon*, 130 N.H. 494, 502, 543 A.2d 1379, 1383 (1988). Our decision in *Long* was issued on July 23, 1992. The plaintiff's writ of summons was dated August 31, 1993, just over one year after *Long* was decided. The *Long* decision, therefore, was recent enough that this court would be unlikely to overrule it, but not so recent that the plaintiff reasonably might have been unaware of it. Given the passage of time, there can be little doubt that the abuse of process claim was "pursued without any justifying claim to merit." *Keenan*, 130 N.H. at 502, 543 A.2d at 1384. The *Long* decision unambiguously stated that the malicious initiation of a lawsuit does not constitute abuse of process. *Long*, 136 N.H. at 30, 611 A.2d at 623. The plaintiff's position to the contrary was therefore "patently unreasonable." *Keenan*, 130 N.H. at 502, 543 A.2d at 1383. The plaintiff's unreasonableness "is treated on an objective basis as a variety of bad faith, and made just as amenable to redress through an award of counsel fees as would be the commencement of litigation for the sole and specific purpose of causing injury to an opponent." *Id.*

We hold that the trial court abused its discretion by refusing to compel the plaintiff to pay the defendants' attorney's fees. *Cf. Clipper Affiliates*, 138 N.H. at 278-79, 638 A.2d at 796. Accordingly, we reverse and remand for a determination as to the reasonable amount of attorney's fees that the defendants should receive from the plaintiff.

*Reversed and remanded.*

All concurred.