Wenaha Music v. ARC Hotels & Bowden   CV-94-375-M   11/17/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Wenaha Music Co., et al.

   v.                                          Civil No. 94-375-M

ARC Hotels, Inc.,
and Kevin Bowden

### ORDER

Responding to plaintiffs' motion (document no. 13), the court conducted a hearing on November 10, 1997, to determine a payment schedule enforcing a $14,491.02 judgment against defendants.  Defendants failed to attend the hearing.  Plaintiffs also requested costs and fees associated with enforcing the judgment, and supported this request with a verified bill of costs and affidavit (document no. 14).

At the hearing, plaintiffs sought an order requiring defendants to pay $500.00 per month on the judgment until such time as Mr. Bowden's alimony obligations should cease, after which defendants are to pay $2,500.00 per month until satisfaction of the judgment.  Plaintiffs offered evidence that defendants possess the means to comply with the requested payment schedule.  In addition, the court deems defendants' failure to appear as a waiver of all objections.  Consequently, plaintiffs' request for establishment of the payment schedule described above is granted.

Plaintiffs also requested costs and attorney's fees associated with securing this enforcement order, in the amount of $2,120.00. Fed. R. Civ. P. 54(d), governing the award of costs and fees, only addresses recovery of costs and fees incurred prior to judgment, and is thus not applicable here. Rule 69(a), on execution of judgments, is similarly silent on the recovery of costs and fees associated with enforcement of a judgment. Rule 69(a), however, does indicate that forum law governs procedures for enforcing judgments.

New Hampshire law allows courts to award costs and fees to prevailing litigants only when there is statutory authorization, an agreement between parties, or an established exception to the general policy that each side is responsible for its own expenses. See White v. Francoeur, 138 N.H. 307, 309-310 (1994). One established exception is that a court may award costs and fees "to compensate a party for his opponent's unreasonableness in prolonging unnecessary litigation." Keenan v. Fearon, 130 N.H. 494, 502 (1988). Neither White nor Keenan distinguishes between pre-judgment and post-judgment recovery of costs and fees.

Here, defendants defaulted on the judgment, had to be compelled to attend a deposition related to the default, and failed to show up at the November 10, 1997, hearing. By forcing

2

plaintiffs to seek a court order compelling deposition attendance and enforcing the judgment, defendants have unreasonably and unnecessarily prolonged this litigation.  Consequently, plaintiffs should reimburse defendants' costs and fees in the amount requested.

In sum, Plaintiffs' request to establish a periodic payment schedule according to the terms stated above is granted.  See document no. 13.  Plaintiffs' request for recovery of costs and fees is granted, in the amount stated in the verified bill of costs (document no. 14).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   November 17, 1997

cc:     R. Matthew Cairns, Esq.
        Kevin R. Bowden, pro se