Carroll
No. 97-235

MICHAEL GLICK

v.

VICTORIA NAESS

December 3, 1998

*Law Office of Joshua L. Gordon*, of Concord (*Joshua L. Gordon* on the brief and orally), for the plaintiff.

*Cooper, Deans & Cargill, P.A.*, of North Conway (*Philip S. Rader* on the brief and orally), for the defendant.

BROCK, C.J. The plaintiff, Michael Glick, appeals an order of the Superior Court (*Coffey*, J.) granting a motion of the defendant, Victoria Naess, for attorney's fees. We affirm.

The facts leading up to the issue on appeal involve a post-divorce dispute between the parties. The parties divorced in 1992. Under their divorce decree, the plaintiff received primary physical custody of Ephraim and Henry Glick, two of their four children. In February 1994, the defendant filed an *ex parte* petition to modify that custody arrangement. In her petition, she alleged that the plaintiff was refusing to send Ephraim and Henry to school due to a dispute with the school district as to where it would pick up Ephraim and Henry for school. The children, she explained, had already missed twenty days of school as of the date of her petition. She claimed that the children were in danger of being held back one grade because school policy required children who missed more than eighteen or twenty-five days of school, absent a waiver from the principal or the school board, respectively, to lose credits. She requested that the court either award her physical custody of the children pending a temporary hearing, or order the plaintiff to send them to school. After holding a hearing without providing notice to the plaintiff, the Superior Court (*O'Neill*, J.) awarded the defendant physical custody.

Subsequently, the court held a temporary hearing for the same purpose as the *ex parte* hearing at which the plaintiff was present and argued on his own behalf. The court affirmed the *ex parte* order after the temporary hearing. Prior to the final disposition of the custody dispute, however, the plaintiff filed suit against the defendant, alleging several claims based on his assertion that she "maliciously and falsely" represented to the court her need for *ex parte* relief, and obtained custody only through her misrepresentations. Her actions, he argued, constituted, *inter alia*, intentional

interference with his parental rights (parental rights claim), and intentional infliction of emotional distress (emotional distress claim).

Before trial, the defendant moved to dismiss the plaintiff's claims. The Superior Court (*Fauver*, J.) denied the motion concerning the parental rights and emotional distress claims and granted it on the remaining claims. With respect to the parental rights claim, the court concluded that although "New Hampshire has not recognized a cause of action for *judicially* interfering with a parent's rights, . . . given the broad nature of equitable relief, [the plaintiff] is entitled to recover if he can prove that [the defendant] gained custody solely on the basis of misrepresentations to the Court." Regarding the emotional distress claim, the court concluded that it was "unable to say as a matter of law that [lying to a court to obtain custody of children] could never constitute extreme or outrageous conduct."

At trial, the plaintiff presented videotaped testimony from an expert family law attorney who reviewed the defendant's motion for *ex parte* relief and a transcript from the hearing on that motion. The expert described what she believed were several misrepresentations made by the defendant in the motion and at the hearing. In particular, she testified that the children were not in danger of being held back a grade for their absences. She opined that the superior court would not have granted the defendant custody of the children had she not made the "misrepresentations." The court, however, found much of this testimony inadmissible, reasoning that her comment on the truth of the defendant's statements was a determination solely within the province of the jury.

Michelle Miller, the principal at Henry's elementary school, testified that there was no explicit policy at her school to hold children back a grade after a certain number of absences, and that Henry would not have been held back for his absences. She also testified, however, that at the school Ephraim attended, there was a policy of holding back a student after a certain number of absences without a waiver.

Following the plaintiff's case-in-chief, the defendant moved to dismiss both claims, and alternatively for directed verdicts. The Superior Court (*Coffey*, J.) dismissed the parental rights claim and directed a verdict on the emotional distress claim. The court construed *Plante v. Engel*, 124 N.H. 213, 469 A.2d 1299 (1983), as requiring the plaintiff to prove abduction to prevail on the parental rights claim, and found no evidence of abduction. Further, the court found no evidence of any material misrepresentations in the *ex parte*

petition, and that no rational juror could find that the defendant's use of the legal system amounted to the extreme and outrageous conduct required to prove the emotional distress claim. *See Morancy v. Morancy*, 134 N.H. 493, 495-96, 593 A.2d 1158, 1159 (1991). In addition, the court determined that any inaccuracies in the *ex parte* petition were not substantive, and that the plaintiff produced no evidence that the actual school policy was different than what the defendant had alleged.

Thereafter, the defendant sought attorney's fees. The court granted the motion, concluding that there was no reasonable basis in facts provable by evidence for the plaintiff's claims, *see Keenan v. Fearon*, 130 N.H. 494, 502, 543 A.2d 1379, 1383 (1988), and that the plaintiff brought the case "in bad faith and for vexatious purposes" since the defendant was forced to litigate against the meritless claims to enjoy the custody to which she was entitled. The plaintiff appeals this order.

■ In reviewing a superior court award of attorney's fees, we apply an abuse of discretion standard, *White v. Francoeur*, 138 N.H. 307, 310, 638 A.2d 1250, 1252 (1994), "giv[ing] tremendous deference to [the] court['s] decision." *Casico v. City of Manchester*, 142 N.H. 312, 318, 702 A.2d 302, 305 (1997) (quotation omitted). "To constitute abuse, reversible on appeal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party." *White*, 138 N.H. at 310, 638 A.2d at 1252 (quotation omitted). If there is some support in the record for the trial court's determination, we will uphold it. *Daigle v. City of Portsmouth*, 137 N.H. 572, 574, 630 A.2d 776, 777 (1993).

While the general rule in New Hampshire is that parties pay their own attorney's fees, *White*, 138 N.H. at 309, 638 A.2d at 1251, we have recognized various exceptions, *see Business Publications v. Stephen*, 140 N.H. 145, 147, 666 A.2d 932, 933 (1995). One exception exists where a party must "litigate against an opponent whose position is patently unreasonable." *Id*. A claim is patently unreasonable when it is "commenced, prolonged, required or defended without any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be." *Keenan*, 130 N.H. at 502, 543 A.2d at 1383; *see Daigle*, 137 N.H. at 576, 630 A.2d at 778. A party's unreasonableness "is treated on an objective basis as a variety of bad faith, and made just as amenable to redress through an award of counsel fees as would be the commencement of litigation for the sole and specific purpose of causing injury to an opponent." *Business Publications*, 140 N.H. at 149, 666 A.2d at 934 (quotation omitted).

The plaintiff argues that under *Keenan,* a court cannot award attorney's fees against a party who articulates a claim in existing or developing law. Both of his claims, he asserts, had a reasonable basis in law, and thus, the court wrongly awarded attorney's fees. Moreover, he argues that the court's pretrial order on the motion to dismiss was the law of the case. Because the pretrial order stated that he could prevail on the parental rights claim if he proved that the defendant gained custody solely on the basis of misrepresentations, he contends that the court should not have later required him to prove abduction. Thus, he contends that even if his claims lacked a reasonable basis in law, he should not be penalized for relying on the court's pretrial order.

■ The plaintiff misreads *Keenan* and the superior court's order granting attorney's fees. In *Keenan,* we stated that an award of attorney's fees is appropriate when a party presents a claim that lacks a reasonable basis either in law *or* "in the facts provable by evidence." *Keenan,* 130 N.H. at 502, 543 A.2d at 1383. Hence, when a party continues to prosecute a claim that is legally cognizable, but lacks any factual basis that is provable beyond that party's mere conclusory assertions, the superior court may properly exercise its discretion to award attorney's fees. *See Daigle,* 137 N.H. at 575-78, 630 A.2d at 778-79.

It was the lack of a *factual* basis for his claims, and not a legal basis, that the superior court cited as its reason for awarding attorney's fees. Even assuming that the plaintiff was not required to prove abduction, but only that the defendant gained custody solely on the basis of misrepresentations, the court explicitly found that the plaintiff produced no evidence of material misrepresentations. Indeed, when plaintiff's counsel stated at the hearing on the motion for attorney's fees that "[i]t was our position at trial, although you disagreed with it, that Victoria Naess intentionally lied to the Court and therefore intentionally caused him severe emotional distress," the court responded, "I didn't just disagree with it, there was simply no evidence of that."

On the basis of the record before us, we cannot conclude that the superior court abused its discretion by finding no factual basis for the plaintiff's claims. Even if, as he asserts, the court erroneously found much of his expert's testimony inadmissible, the evidence still fails to establish a factual basis for his claims. The evidence offered on appeal to show that the defendant intentionally lied to gain custody of the children comprised little more than the conclusory assertions by the expert that the *ex parte* motion contained

inaccuracies. The plaintiff has presented us, however, with little record support creating a factual predicate for these assertions. While Miller testified that Henry would not have been held back for his absences, she also testified that there was a school policy that subjected Ephraim to being held back for absences. We also note that Miller's testimony could be read as indicating that Ephraim's high school considered "other factors," including a student's grades, in determining whether to hold a student back one grade, and that there was some evidence that Ephraim was a "good student." While this evidence may have established that the defendant was mistaken as to whether the children were actually in danger of being held back, the superior court acted within its discretion in determining that it failed to establish a reasonable basis in fact for the plaintiff's assertion that the defendant *"maliciously and falsely"* misrepresented her need for *ex parte* relief.

█ The rationale justifying an award of attorney's fees when a litigant's position is patently unreasonable is "the unnecessary character of the judicial proceeding." *Daigle,* 137 N.H. at 576, 630 A.2d at 778 (quotations omitted). Despite the fact that the court affirmed the *ex parte* relief after the plaintiff had been given an opportunity at the temporary hearing to show that the defendant's allegations were untrue, he pursued his claims without evidence to prove their factual basis. Thus, this litigation was unnecessary.

Accordingly, we affirm the superior court's order awarding the defendant attorney's fees.

*Affirmed.*

All concurred.