Rockingham
No. 2009-544

CITY OF PORTSMOUTH

v.

JAMES BOYLE, TRUSTEE, 150 GREENLEAF AVENUE REALTY TRUST

Argued: April 8, 2010
Opinion Issued: July 20, 2010

*Suzanne M. Woodland,* assistant city attorney, of Portsmouth, by brief and orally, for the plaintiff.

*Wholey & Pelech Law Office*, of Portsmouth (*Bernard W. Pelech* on the brief and orally), for the defendant.

HICKS, J. The plaintiff, City of Portsmouth (city), appeals the Superior Court's (*Lewis*, J.) award of costs to the defendant, James Boyle, Trustee of 150 Greenleaf Avenue Realty Trust (Boyle). We affirm.

The record supports the following facts. In January 2006, the city commenced a zoning enforcement action against Boyle alleging that he unlawfully clear cut trees within a wetlands buffer zone. The city sought an injunction against further clear cutting and an order to conduct restoration efforts. *See* RSA 676:15 (2008). In addition, the city requested civil penalties, attorney's fees, and costs. *See* RSA 676:17, I, II (Supp. 2009). Following a bench trial, the trial court ruled that the city had failed to demonstrate that Boyle's clear cutting activity violated the city's zoning ordinance. The city appealed, and we affirmed. *See City of Portsmouth v. James Boyle, Trustee, 150 Greenleaf Avenue Realty Trust*, No. 2007-0722 (N.H. July 2, 2008).

Subsequently, Boyle moved for taxation of costs pursuant to Superior Court Rule 87 for costs of deposition transcripts and expert witnesses. *See* SUPER. CT. R. 87(a) ("Costs shall be allowed as of course to the prevailing party as provided by these rules, unless the Court otherwise directs."). The superior court awarded most of the requested costs, and this appeal followed.

On appeal, the city first argues that the trial court erred because "[t]he comprehensive municipal zoning statutory scheme and the prior decisions of this Court do not support an award of costs under . . . Rule 87 when the [c]ity is acting in its enforcement capacity." To support this argument, the city cites RSA 676:17, RSA 676:17-a (2008), *White v. Francoeur*, 138 N.H. 307 (1994), and *Town of Windham v. Lawrence Savings Bank*, 146 N.H. 517 (2001).

The city notes that RSA 676:17 provides "several mechanisms through which a municipality may recover its costs for zoning enforcement actions," but is silent as to the award of costs to a prevailing party other than a municipality. The city, therefore, maintains that the legislature, through its silence, did not intend for a party who is not a municipality to recover costs, even under Rule 87. Rather, by enacting RSA 676:17, the legislature wanted to "strengthen[] municipal enforcement power by protecting [a] municipality from excessive financial exposure due to zoning enforcement actions."

The city contends that if the legislature wanted a non-municipality to recover costs, it would have expressly so provided as it did in RSA 676:17-a. RSA 676:17-a, which regulates cease and desist orders, authorizes reason-

able attorney's fees and costs to be assessed against a municipality if the action "was frivolous, was commenced in bad faith, or was not based upon information and belief formed after reasonable inquiry or was not well grounded in fact." RSA 676:17-a, VII; *see also* RSA 677:14 (2008); RSA 677:15, V (2008). The city argues that to uphold the trial court's award of costs to Boyle without a finding of bad faith on the part of the city would have a chilling effect on municipal efforts to protect the environment.

The city's argument requires us to construe RSA 676:17 and Rule 87. The interpretation of a statute or a superior court rule is a question of law, which we review *de novo*. *MacPherson v. Weiner*, 158 N.H. 6, 9 (2008); *Martinez v. Nicholson*, 154 N.H. 397, 398 (2006). When examining the language of the statute, we ascribe the plain and ordinary meaning to the words used. *MacPherson*, 158 N.H. at 9. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.* If the language used is clear and unambiguous, we will not look beyond it to discern legislative intent. *Taylor v. Town of Wakefield*, 158 N.H. 35, 39 (2008).

RSA 676:17, II, which governs the recovery of costs by a municipality in a zoning enforcement action under RSA 676:15, states, in pertinent part:

> In any legal action brought by a municipality to enforce, by way of injunctive relief as provided by RSA 676:15 or otherwise, any local ordinance, code or regulation adopted under this title . . . , the municipality shall recover its costs and reasonable attorney's fees actually expended in pursuing the legal action if it is found to be a prevailing party in the action. For the purposes of this paragraph, recoverable costs shall include all out-of-pocket expenses actually incurred, including but not limited to, inspection fees, expert fees and investigatory expenses.

As the city points out, RSA 676:17, II does not expressly provide for the award of costs when a defendant prevails in an enforcement action. But RSA 676:17, II also does not contain any language that would remove a zoning enforcement action from the realm of "civil proceedings" to which Rule 87 applies. In contrast, RSA 676:17-a, RSA 677:14, and RSA 677:15, V, which govern cease and desist orders, zoning board of adjustment appeals, and planning board appeals, all require a specific finding of bad faith to support an award of costs against a municipality. *See, e.g., Dumont v. Town of Wolfeboro*, 137 N.H. 1, 10-11 (1993) (trial court denial of costs under RSA 677:15, V upheld where no finding of bad faith). No such finding of bad faith is required under RSA 676:17, and we refuse to "add language that the legislature did not see fit to include." *MacPherson*, 158 N.H. at 9; *see Town*

*of Windham,* 146 N.H. at 523-24 (agreeing with town that no finding of bad faith required for recovery of costs where statute is silent).

■ Based upon its plain language, RSA 676:17 mandates the recovery of "recoverable costs," which include inspection fees and investigatory expenses, as well as reasonable attorney's fees by a municipality when it prevails in a zoning enforcement action. RSA 676:17, II; *White,* 138 N.H. at 309 (holding municipality not entitled to costs under RSA 676:17, II because it was engaged in a title action rather than an enforcement action). A municipality may also petition the court for restitution of additional public funds expended. RSA 676:17, III. This is a much greater recovery than is allowed under Rule 87, which grants only "allowable costs" and no attorney's fees to a prevailing party. SUPER. CT. R. 87(a), (c). Unlike RSA 676:17, II, Rule 87 also leaves to the trial court's discretion whether a party should recover certain costs, such as expert and deposition transcript fees. *Compare* RSA 676:17, II *with* SUPER. CT. R. 87(c). In practical terms, RSA 676:17 does not conflict with Rule 87 and, therefore, the two can be construed harmoniously. *See Associated Press v. State of N.H.,* 153 N.H. 120, 144 (2005); *cf. Bel Air Assocs. v. N.H. Dep't of Health & Human Servs.,* 154 N.H. 228, 234 (2006) (directing that when reasonably possible, statutes should be construed consistently with each other). Accordingly, we reject the city's argument that RSA 676:17 prevents a trial court from awarding costs under Rule 87 absent a finding that the municipality acted in bad faith.

■ The city next contends that Rule 87 is inapplicable because it was "proceeding under its enforcement authority" in order to "seek [Boyle's] compliance with the [c]ity's municipal zoning ordinances" rather than as a private party. The city argues that a zoning enforcement action is not a "civil proceeding" for purposes of Rule 87. We disagree. Rule 87 applies to equity cases. *Martinez,* 154 N.H. at 399; SUPER. CT. R. 116. Here, the city was engaged in an equitable action when it requested injunctive relief and penalties under RSA 676:15 and RSA 676:17, I, II; therefore, Rule 87 applies. *Martinez,* 154 N.H. at 399.

■ Finally, the city contends that the trial court unsustainably exercised its discretion in awarding costs because the disputed costs "arose from a good faith municipal enforcement action" and the trial court found that the city "did not act in bad faith." Neither Superior Court Rule 87 nor RSA 676:17, II require a finding of bad faith in order for the trial court to award costs. RSA 676:17, II; SUPER. CT. R. 87. Moreover, the trial court, in an eleven-page order, carefully analyzed Boyle's requests for costs, granting some and denying others. *Bennett v. Town of Hampstead,* 157 N.H. 477, 483

(2008) (stating that when applying the unsustainable exercise of discretion standard we "uphold the [trial court's] decision if the record provides some support for it"). We conclude that the trial court did not unsustainably exercise its discretion when it awarded Boyle costs.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and CONBOY, JJ., concurred.