# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0488, <u>Todor D. Simeonov & a. v. Twins Contracting, LLC & a.; Twins Contracting, LLC v. Tuida Enterprises, LLC & a.</u>, the court on September 20, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Twins Contracting, LLC (LLC) and Tammy Dunn (member), appeal an order of the Superior Court (<u>O'Neill</u>, J.) in favor of the plaintiffs, Tuida Enterprises, LLC and Todor D. Simeonov (homeowner). They contend that the trial court erred by: (1) finding the LLC liable for the plaintiffs' attorney's fees; and (2) piercing the corporate veil.

We first address whether the trial court erred in awarding the plaintiffs attorney's fees. We note that the defendants do not contest the amount of the fees. An award of attorney's fees is appropriate, under the bad faith litigation theory, when one party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, when the litigant's conduct can be characterized as unreasonably obdurate or obstinate, and when it should have been unnecessary for the successful party to have brought the action. <u>Fat Bullies Farm, LLC v. Devenport</u>, 170 N.H. ___, ___ (May 26, 2017).

Such an award is appropriate when a party must litigate against an opponent whose position is patently unreasonable. <u>LaMontagne Builders v. Bowman Brook Purchase Group.</u>, 150 N.H. 270, 276 (2003). A claim is patently unreasonable when it is commenced, prolonged, required, or defended without any reasonable basis in the facts provable by evidence or any reasonable claim in the law as it is, or as it might arguably be held to be. <u>Id</u>. A party's unreasonableness is treated on an objective basis as a variety of bad faith and made just as amenable to redress through an award of counsel fees as would be the commencement of litigation for the sole and specific purpose of causing injury to an opponent. <u>Glick v. Naess</u>, 143 N.H. 172, 175 (1998). When attorney's fees are awarded against a party that has acted in bad faith, the purpose is to do justice and vindicate rights, as well as to discourage frivolous lawsuits. <u>Fat Bullies</u>, 170 N.H. at ___.

We will not overturn the trial court's decision concerning attorney's fees absent an unsustainable exercise of discretion. <u>Id</u>. To warrant reversal, the trial

court must have exercised its discretion for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party. Id. In evaluating the trial court's ruling on this issue, we give tremendous deference to the trial court's judgment. Id. If there is some support in the record for the trial court's determination, we will uphold it. Id.

In this case, the jury rendered an advisory verdict finding that "the Plaintiffs were forced to litigate this action due to oppressive, vexatious, arbitrary, capricious, or bad faith conduct by the . . . LLC" and that "this action was patently unreasonable, in that [the LLC's] alleged refusal to remedy the situation was asserted without any reasonable basis in the facts provable by evidence, or any reasonable claim in the law." We note that on appeal the defendants do not challenge the trial court's use of a jury in an advisory capacity.

Likewise, the trial court found that: (1) the LLC "insisted, without any legal basis to do so, that it was entitled to payment for work that was either not completed or was completed in such a manner as to require that it be redone"; (2) the LLC's claims against the plaintiffs were "entirely unsupported by the evidence"; and (3) "the plaintiffs were forced to pursue this litigation due to [the LLC's] vexatious, arbitrary, capricious, and/or bad faith conduct." Cf. id. at ___ (stating trial court did not find plaintiff had no evidence to support claim). To the extent that the defendants argue that the trial court did not "specifically delineate[ ]" the LLC's conduct, we disagree. Furthermore, we assume that the trial court made all findings necessary to support its decision. See Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004).

The trial court's findings were supported by the record. Calvin Dunn, Jr., who, although not employed by the LLC, negotiated its demand for payment with the homeowner, testified that, pursuant to the parties' contract, the plaintiffs' final payment of $6,500 was due upon the project's completion and that he told the homeowner that he did not have to make the payment until then. Calvin Dunn, Jr., the member, and the employee who worked on the project all testified that the LLC did not complete the project. However, the LLC proceeded against the plaintiffs for this money.

The LLC offered no evidence that it made any attempt to complete the project. The defendants argue that there were no findings that the individual defendants acted vexatiously or in bad faith. However, the individual defendants were not ordered to pay the plaintiffs' attorney's fees; only the LLC was ordered to pay them.

The defendants argue that the trial court did not find they had behaved with rascality, pursuant to the Consumer Protection Act, RSA chapter 358-A (2009 & Supp. 2016), or committed fraud, and that this was "a simple contract dispute." However, the nature of the underlying action does not control whether an award of attorney's fees is appropriate. Cf. Fat Bullies, 170 N.H. at ___

2

(defining when attorney's fees award is appropriate by nature of party's conduct, not nature of action).

The defendants argue that their claims were sufficiently pleaded to receive a hearing on the merits. However, when a party continues to prosecute a claim that is legally cognizable, but lacks any factual basis that is provable beyond that party's mere conclusory assertions, the trial court may properly exercise its discretion to award attorney's fees. Glick, 143 N.H. at 176. To the extent that the defendants argue that their claims were factually supported because the LLC worked on the site, this fact did not support the claim for the final contract payment, which Dunn, Jr. told the homeowner was not due until the LLC completed the project. Similarly, even if the member was unaware that much of the LLC's work had to be redone, this did not support the LLC's claim to the final payment. Because the record supports the trial court's finding that the defendants' claims were "entirely unsupported by the evidence," the defendants were not, as they contend, "lawfully positioned to at least argue an offset for the damages claimed by the Plaintiff."

Accordingly, we conclude that the record supports the trial court's decision to require the LLC to pay the plaintiffs' attorney's fees. See Fat Bullies, 170 N.H. at ___.

We next address whether the trial court erred by piercing the corporate veil and finding the LLC's sole member, who was also its manager, liable for its debts. At the outset, although we have yet to address whether members and managers of an LLC can be held personally liable for its debts under the veil-piercing theory we have applied to corporations, the parties assume that our corporate veil-piercing cases apply to LLCs, and, for the purposes of this order, we will do the same. See Mbahaba v. Morgan, 163 N.H. 561, 568 (2012).

Ordinarily, LLC members and managers, like corporate owners, are not liable for a company's debts. Id.; see RSA 304-C:23 (2015). In particular cases, however, a corporation and those owning its stock and assets will be treated as identical. Mbahaba, 163 N.H. at 568. Thus, for instance, we will assess individual liability for the corporation's debts when the owners have used the company to promote an injustice or fraud upon the plaintiff. Id. In such a case, we will disregard the fiction that the corporation is independent of its stockholders and treat the stockholders as the corporation's "alter egos." Id. We do not hesitate to disregard the fiction of the corporation when circumstances would lead to an inequitable result. Bielagus v. EMRE of New Hampshire, 149 N.H. 635, 643 (2003).

The corporate veil may be pierced when officers distribute the corporation's assets after claims have been made against it. Mbahaba, 163 N.H. at 569. Piercing the corporate veil is an equitable remedy and, therefore, is particularly within the province of the trial court. LaMontagne, 150 N.H. at 274. We will

3

sustain the trial court's decision unless it is clearly unsupported by the evidence. Id. at 274-75.

In this case, after the plaintiffs filed suit against the LLC, the member transferred for $1.00 a Chevy Tahoe pickup truck owned by the LLC, with a value of $19,000 to $21,000, to a friend, who lived with the member and also operated an excavating business. Although the defendants argue that there was no evidence of the LLC's equity in the truck, the member testified that the LLC had paid approximately $38,000 on the purchase loan and that she transferred it to her friend the month the loan terminated. The member argued that the friend had been making the payments on the truck, but produced no evidence of such payments.

Similarly, approximately one week after she was added as a defendant, the member quitclaimed her personal real estate, in which the LLC had an equitable interest, to herself and the same friend as joint tenants. Although the real estate belonged solely to the member individually, the LLC had paid the $172,000 mortgage on the property since it was purchased, which payments totaled approximately $116,000 at the time the member transferred her interest to her friend. Again, the member claimed that her friend had been contributing to the mortgage payments, but failed to produce evidence of such payments. To the extent that the defendants argue that the LLC had its headquarters at the property, this does not diminish its equitable interest in it.

Furthermore, the member continued to maintain and use the LLC's bank account and credit cards after the LLC ceased doing business and the plaintiffs brought their action, and even after the member officially dissolved the LLC. The member gave the LLC's credit card to her friend and allowed her to make charges on it, even though the member testified that her friend had nothing to do with the LLC. The member testified that both before and after the plaintiffs instituted suit the member charged things to the LLC's credit card that were not for the LLC's benefit.

To the extent that the defendants argue that the trial court "overlooked nearly all of the other factors identified by the First Circuit to determine if the corporate form has been abused," we note that they cite no authority adopting those factors under New Hampshire law. Cf. Fat Bullies, 170 N.H. at ___. Similarly, they cite no authority for their argument that "the essential time period for analysis . . . [was] the time of the transaction."

The defendants argue that there is no "nexus" between the member's "improper expenditures" and the plaintiffs' harm because the LLC held itself out as an LLC, conducted business, and was solvent at the time of the contract. They contend that the homeowner did "not testify that he was harmed by any fraud" and "chose to . . . litigate against a defunct company." To the extent that the defendants argue that the plaintiffs "chose not to secure a prejudgment

attachment" on the LLC's property, we note that the plaintiffs did obtain such an attachment. To the extent that the defendants argue that the fraud must be connected to the underlying transaction, this is not consistent with our cases. See Mbahaba, 163 N.H. at 569 (stating that post-suit depletion of LLC assets supported finding that LLC was being used to promote injustice). To the extent that the defendants argue that the plaintiffs must show an intent to defraud in order to pierce the veil, they do not cite, nor are we aware of, any controlling authority establishing this requirement.

The defendants argue that the member testified that while the LLC was in business her improper expenditures amounted to no more than five percent of its total payments. However, she did not testify to the proportion of the LLC's expenditures that were improper after the LLC ceased doing business and the plaintiffs filed suit. To the extent that the defendants argue that the trial court "made only generalized findings relative to [the member's] liability," we disagree. Furthermore, we assume that the trial court made all findings necessary to support its decision. See Nordic Inn, 151 N.H. at 586.

Accordingly, we conclude that the trial court's decision to pierce the veil and make the member personally responsible for the LLC's liabilities was supported by the evidence. See LaMontagne, 150 N.H. at 274-75.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

5