**UNITED STATES of America**

v.

**Gregory ALSTON, Calvin Sumler, Aaron Chris Rodgers, Antonio Avery, Kahron Sarter, Gerald Smith, Vernon Washington a/k/a "Gink", Larry Walker, George Townsend.**

**Crim. No. 95–154 SS/DAR.**

United States District Court, District of Columbia.

July 26, 1995.

James Lawrence Lyons, Kellogg, Williams & Lyons, Washington, DC, for Gregory Alston.

Thomas Abbenante, Washington, DC, for Calvin Sumler.

Cheryl Denise Stein, Washington, DC, for Aaron Chris Rogers.

Thomas Todd Heslep, Washington, DC, for Michael Jefferson.

Robert Ernest Sanders, Washington, DC, for Antonio Avery.

Patrick Michael Donahue, Collins & Donahue, Washington, DC, for Adrian Harley.

Leonard E. Birdsong, Chavers & Birdsong, Washington, DC, for Kahron Sarter.

Alan Drew, Upper Marlboro, MD, for Gerald Smith.

Jensen Egerton Barber, Barber & Lepley, Washington, DC, for Vernon Washington.

Marie Elise Haldane, Washington, DC, for Raymond Harris.

Christopher Michael Davis, Davis & Davis, Washington, DC, for Larry Walker, Jr.

H. Heather Shaner, Washington, DC, Joanne Roney Hepworth, J. Roney Hepworth & Associates, Washington, DC, for George Townsend.

Michael Volkov, U.S. Attorney's Office, Washington, DC, for the U.S.

## MEMORANDUM OF FINDINGS OF FACT AND STATEMENT OF REASONS IN SUPPORT OF ORDER OF DETENTION

DEBORAH ANN ROBINSON, United States Magistrate Judge.

### I. *INTRODUCTION*

Defendants Gregory Alston, Calvin Sumler, Aaron Chris Rodgers, Antonio Avery, Kahron Sarter, Gerald Smith, Vernon Washington, Larry Walker and George Townsend are charged by a sixty-one count criminal indictment with conspiracy to participate in racketeer influenced corrupt organization, conspiracy to distribute and possess with intent to distribute cocaine base, distribution of cocaine and cocaine base in excess of fifty grams, and possession of a firearm during a crime of violence[1] or dangerous offense. Additionally, defendants Smith and Sarter are charged with first-degree murder while armed, first-degree felony murder, continuing criminal enterprise murder and armed robbery; defendants Alston and Sumler are charged with engaging in a continuing criminal enterprise, first-degree murder while armed, first-degree felony murder while armed, continuing criminal enterprise murder, kidnaping while armed, distribution of cocaine base, unlawful possession with intent to distribute cocaine base and distribution of cocaine; defendants Rogers and Avery are charged with assault with a dangerous weapon, assault with intent to commit robbery while armed, distribution of cocaine base and unlawful possession with intent to distribute cocaine base; defendant Rodgers is charged with accessory after the fact to assault with intent to kill while armed; defendant Washington is charged with first-degree felony murder, continuing criminal enterprise murder and kidnaping while armed. All of the defendants are charged with at least one offense for which a maximum period of incarceration of ten years or more is prescribed by the Controlled Substance Act, 21 U.S.C. § 801 *et seq.* Some defendants, if convicted on all counts, will be subject to a minimum term of incarceration of thirty years; defendant Alston and Sumler would face life in prison without parole. A detention hearing for defendants Walker, Rodgers, Sumler, Washington and Alston was conducted on July 13, 1995, and for defendants Avery, Smith, Townsend and Sarter on July 14, 1995.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel, the reports of the Pretrial Services Agency and the entire record herein, the defendants were ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Orders of Detention follow.

### II. *THE BAIL REFORM ACT*

■ The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure ... the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno,* 481 U.S. 739, 755, 107 S.Ct. 2095, 2105, 95 L.Ed.2d 697 (1987); *United States v. Perry,* 788 F.2d 100, 113 (3d Cir.), *cert. denied,* 479 U.S. 864, 107 S.Ct. 218, 93 L.Ed.2d 146 (1986); *United States v. Sazenski,* 806 F.2d 846, 848 (8th Cir.1986).

■ Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. *United States v. Vortis,* 785 F.2d 327, 328–29 (D.C.Cir.), *cert. denied,* 479 U.S. 841, 107 S.Ct. 148, 93 L.Ed.2d 89 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook,* 780 F.2d 1185, 1188–89 (5th Cir.1986).

---

1. Defendants Walker and Townsend are not charged with this offense.

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, for which a maximum period of incarceration of ten years or more is prescribed. *See* 18 U.S.C. § 3142(e). An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142. *See United States v. Williams*, 903 F.2d 844 (D.C.Cir.1990); *United States v. Suppa*, 799 F.2d 115, 117 (3rd Cir.1986); *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir.1985).[2]

2. Notwithstanding this authority, some of defendants' counsel objected to the court's reliance upon the indictment to establish probable cause, and maintained that the court should make an independent finding of probable cause. None of the counsel who advance this argument offered any authority which supported it.

3. Several of the counsel for defendants objected to the court permitting the government to proceed by proffer. None offered any authority which directly supported the proposition that the government cannot proceed by proffer at a detention hearing. Rather, they argued that the procedure deprived them of their right to present witnesses (because, they maintained, that except for the indicted co-conspirators, the identities of the witnesses were unknown); to cross-examine witnesses; and to test government counsel's assertions regarding the strength of the government's case and the respective defendants' roles in the various offenses charged.

The Bail Reform Act expressly provides that a defendant may "present information by proffer or otherwise[,]" but is silent on the issue of

## III. *DISCUSSION*

Counsel for the government observed that defendants are indicted for conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, and a number of related offenses, arising from a series of drug transactions and violent crimes in the upper Northwest area of Washington, D.C. during the period commencing in 1988 and continuing through June, 1995. The government proffered that nineteen cooperating witnesses, wiretaps, and video and audio surveillance link defendants to the crimes.

Counsel for the government offered no evidence, and instead, proceeded by proffer.[3] Generally, counsel for the government proffered that the government's investigation had disclosed that the members of the alleged conspiracy had distributed "hundreds" of kilograms of cocaine in the District of Columbia, and, in their efforts to protect their share of a competitive market, committed repeated acts of violence, including five homicides. More specifically, counsel for the government proffered that (1) defendants Alston and Sumler were the leaders of the criminal organization; (2) defendant Rogers acted as a armed enforcer, and continued to sell drugs while on probation; (3) defendant Washington allowed his residence to be used as a

whether the government may do likewise. 18 U.S.C. § 3142(f). In the only decision known to this court in which this issue was directly addressed, a panel of the Eleventh Circuit held that the government as well as the defense may proceed by proffering evidence subject to the discretion of the judicial officer presiding at the detention hearing. *United States v. Gaviria*, 828 F.2d 667, 669 (11th Cir.1987). *See also United States v. Salerno*, 481 U.S. 739, 752, 107 S.Ct. 2095, 2104, 95 L.Ed.2d 697 (1986) (Bail Reform Act held not violative of due process; government proceeded by proffer in lower court); *United States v. Acevedo–Ramos*, 755 F.2d 203, 206–07 (1st Cir.1985) (citing authorities which approve procedure at bail hearings in which "opposing parties simply describe to the judicial officer the nature of their evidence; they do not actually produce it"); *United States v. Alonso*, 832 F.Supp. 503, 505 (D.Puerto Rico 1993) (judicial officer has discretion to receive evidence from the government by way of proffer); *cf. United States v. Suppa*, 799 F.2d at 118 ("grave question whether the required finding of *probable cause* may be based on a proffer of evidence by the government").

storage facility for drugs, and has a prior conviction for murder; (4) defendant Walker acted as a street seller and armed enforcer; (5) defendant Avery acted as a wholesale supplier of drugs and guns, and engaged in some of the acts of violence against rival drug dealers; (6) defendant Sarter allowed his residence to be used as a storage facility for drugs and guns, and assisted in the planning of one of the homicides; (7) defendant Smith supplied wholesale quantities of drugs to street sellers, and acted as the "triggerman" during the murder of a rival drug dealer; and (8) defendant Townsend acted as a wholesale supplier of drugs and an enforcer.

In opposition to the government's request for pretrial detention, all defendants proffered that they are lifelong residents of the District and have supportive families. Additionally, defendant Alston proffered that he is employed; defendant Rodgers proffered that no weapons or drugs were recovered from his person or property; defendant Washington proffered that he is no longer on parole; defendant Walker proffered that he was a low-level street dealer and is not connected with any of the alleged acts of violence; defendant Avery proffered that he successfully completed a four-year period probation for a prior offense; defendant Sarter proffered that he neither owned the house used as a storage facility nor possessed a gun; and defendant Smith proffered that he has not been convicted of a crime of violence since 1992.

Only defendant Townsend offered evidence. He called as a witness his mother, Gloria Townsend. Mrs. Townsend testified that defendant plans to attend college in the fall of 1995, and that he has a "committed"

relationship of five years duration with the mother of his child.

## IV. FINDINGS OF FACT[4]

■ Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. The undersigned further finds by a preponderance of the evidence that no condition nor combination of conditions of release would reasonably assure the appearance of defendants Sumler and Alston in court as required. First, the nature and circumstances of the offenses charged indicate that all of the defendants were actively engaged in the distribution of large quantities of cocaine and in extremely violent criminal activity on the streets of the District of Columbia over an extended period of time.

Second, the undersigned finds that the weight of the evidence against the defendants is compelling. Specifically, the proffers indicate that multiple eyewitnesses, wiretaps, video and audio surveillance link defendants to the alleged crimes. The undersigned has considered the argument of the counsel for defendants that any evidence provided by informants is "inherently unreliable"; however, in this case, such evidence is only one of many components of the government's case.

The court has considered the evidence proffered by defendants concerning their community ties, and, except with respect to defendants Alston and Sumler—who face life in prison without parole if convicted of the most serious charges against them—finds

---

4. *See* n. 3, *supra.* Without deciding in what circumstances a court should preclude the government from proceeding by proffer, the court finds that in this case, the exercise of discretion to permit the government to proceed by proffer was proper, and did not deprive any defendant of any right accorded by 18 U.S.C. § 3142(f). Specifically, each defendant had the right to the assistance of counsel; the right to testify (of which no defendant availed himself); the right to present evidence by proffer (of which all defendants availed themselves); and the right to present witnesses (of which only defendant Townsend availed himself). While one counsel maintained that his client was deprived of his right to cross-examine witnesses, the statute limits that right to "witnesses who appear at the hearing[,]" 18 U.S.C. § 3142(f), and confers no right to compel the government to identify or produce witnesses. Additionally, the court finds that in this case, the government's proffer was sufficiently detailed to permit the court to assess the role of each defendant in the various offenses charged and the weight of the evidence against each defendant. In reaching its findings, the court has also considered the evidence proffered and offered by defendants.

that such evidence rebuts the presumption of fugitivity. However, the court finds that the rest of the information concerning defendants' histories and characteristics militates against release. With the exception of defendant Alston, defendants' legitimate work histories are sporadic at best; defendants Rogers, Washington, Walker, Avery, Sarter and Townsend have criminal histories, and were subject to some form of court supervision during at least some period of the alleged conspiracy.

Finally, the undersigned is satisfied that the toll which trafficking in cocaine and violent crime have taken and continues to take upon this community is well-documented and need not be repeated here. The government proffer that defendants engaged in the distribution of hundreds of kilograms of cocaine, were regularly armed, and committed extremely violent crimes ranging from assault to murder, provides abundant direct evidence that their release would pose a danger to the community.

The undersigned further finds as to each defendant that the evidence proffered (and in the case of defendant Townsend, offered) is wholly insufficient to rebut the applicable presumption of dangerousness, and in the case of defendants Sumler and Alston, the presumption of fugitivity. *See United States v. Alatishe,* 768 F.2d 364, 371 (D.C.Cir.1985).

## V. *CONCLUSION*

On the basis of the foregoing findings of fact and reasons, defendants will be held without bond pursuant to the July 13 and 14, 1995 Orders of Detention.