Martin v. Applied Cellular          CV-99-214-JD  09/21/99

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

John H. Martin, Jr.

     v.                                Civil No. 99-214-JD

Applied Cellular Technology, Inc.


                              O R D E R


     Plaintiff John H. Martin, Jr., brought an action against
Applied Cellular Technology, Inc. ("ACT") alleging that ACT is
liable for instituting a wrongful civil action and for malicious
prosecution and that ACT intentionally and negligently caused
Martin to suffer extreme emotional distress.  ACT now moves to
dismiss Martin's claims, asserting that Martin has failed to
state a claim for which this court may grant relief (document no.
4).  Martin objects, contending that he has pled facts sufficient
to support his causes of action.  Both parties have appended
supplemental materials to their memoranda in support of, or in
opposition to, defendant's motion.  The court resolves
defendant's motion as follows.


                          Standard of Review

     A motion to dismiss under Federal Rule of Civil Procedure
12(b)(6) is one of limited inquiry, focusing not on "whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). In reviewing the sufficiency of a complaint, the court accepts "the factual averments contained in the complaint as true, indulging every reasonable inference helpful to the plaintiff's cause." <u>Garita Hotel Ltd. Partnership v. Ponce Fed. Bank</u>, 958 F.2d 15, 17 (1st Cir. 1992); <u>see also</u> <u>Dartmouth Review v. Dartmouth College</u>, 889 F.2d 13, 16 (1st Cir. 1989). Applying this standard, the court will grant a motion to dismiss "'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'" <u>Garita Hotel Ltd. Partnership</u>, 958 F.2d at 17 (quoting <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 52 (1st Cir. 1990)).[1]

_____

[1]The defendant urges the court to require a heightened standard of specificity for pleading malice, which is an element in plaintiff's claims of wrongful civil action and malicious prosecution. The cases that the defendant cites to support this position restrict their use of a heightened standard to specific, narrow contexts. <u>See</u> <u>Judge v. City of Lowell</u>, 160 F.3d 67, 74-75 (1st Cir. 1998) (adopting a higher standard in § 1983 civil rights actions where there is a constitutional claim alleging improper motive by a government official); <u>United States v. AVX Corp.</u>, 962 F.2d 108, 115 (1st Cir. 1992) (adopting a higher standard for pleading appellate standing); <u>cf.</u> <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168 (1993) (rejecting a heightened pleading standard for complaints alleging municipal liability under § 1983); <u>Sea Shore Corp. v. Sullivan</u>, 158 F.3d 51, 55 n.3 (1st Cir. 1998) (noting that extending the holding in <u>AVX</u> to cases involving standing generally could be inconsistent with <u>Leatherman</u>). The

When deciding a 12(b)(6) motion to dismiss, the court ordinarily considers only those documents that are attached to the complaint or expressly incorporated therein.  See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  The court has discretion to consider or exclude any extraneous materials.  See Schaffer v. Timberland Co., 924 F. Supp. 1298, 1306 (D.N.H. 1996).  If the court does consider extraneous materials, it usually must convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, pursuant to Rule 12(b).[2]  See Watterson, 987 F.2d at 3-4.

---

defendant suggests that the court should apply this heightened standard to any claim where improper motive is an element of the cause of action.  This approach is contrary to the First Circuit's recognition that "the degree of specificity with which the operative facts must be stated in the pleadings varies depending on the case's context."  United States v. AVX Corp., 962 F.2d at 115.  This court declines to apply a heightened standard in the present case.

[2]Federal Rule of Civil Procedure 12(b) provides in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

There are certain exceptions under which the court may choose to review extraneous documents without having to convert the motion to one for summary judgment.  See Watterson, 987 F.3d at 3-4. The court does not reach this issue here because it excludes the extraneous documents from consideration.

Both plaintiff and defendant have attached extraneous materials to their memoranda in support of, or in opposition to, the defendant's motion to dismiss. To consider these materials would prematurely open a broader inquiry into the evidentiary issues raised therein.[3] Therefore, the court, in the exercise of its discretion, will not consider extraneous materials submitted by either party in ruling on the motion.

## Background

Beginning in 1997, John H. Martin, Jr., was vice president of sales and chief operating officer of Tech Tools, Inc., a wholly owned subsidiary of the defendant, ACT. ACT's president was the chief executive of Tech Tools, and there was overlap between the directors of Tech Tools and ACT. Martin reported to ACT, and Tech Tools regularly received substantial cash infusions from ACT.

In early 1997, Martin and ACT's management began discussing the possible sale of Tech Tools to Martin. Martin believed that he could make Tech Tools a more viable company under his own management. In April of 1997, Martin and ACT's chairman agreed

---

[3]Even if the court considered the exhibits attached by both parties to their memoranda, these exhibits are not dispositive of whether the civil action about which the plaintiff complains was terminated in his favor.

4

to the sale, and shortly thereafter sale documents were drawn up.

In May of 1997, after the sale documents were drafted, Martin received a call from someone who indicated that he had also discussed purchasing Tech Tools with ACT's chairman. A few days later, Martin learned that ACT no longer planned to sell Tech Tools to him. He also learned that his employment with Tech Tools was terminated, and that ACT's president had falsely reported to the Nashua Police Department that Martin had stolen funds from Tech Tools. Over the next year, ACT hired a private detective and an attorney to investigate Martin and to report their findings to the Nashua Police Department.

In February of 1998, Tech Tools, with the support of ACT, commenced a civil action for conversion against Martin in New Hampshire state court. Tech Tools also filed a petition, signed by ACT's president, to attach Martin's property. In April of 1998, ACT's attorney submitted a report to the Nashua Police Department. The police promptly arrested Martin and charged him with theft by unauthorized taking.

In July of 1998, ACT's civil action for conversion against Martin was terminated by a voluntary nonsuit. In March of 1999, the state entered a nolle prosequi of the criminal charges against Martin. Martin filed suit against ACT in this court on May 17, 1999, alleging claims for wrongful civil action,

5

malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Discussion

The defendant, ACT, moves to dismiss the plaintiff's claims of wrongful civil action and malicious prosecution on the grounds that the plaintiff cannot show that the prior civil action terminated in his favor and the plaintiff does not allege sufficient facts to show malice by the defendant. The defendant also moves to dismiss the plaintiff's claims of intentional and negligent infliction of emotional distress, claiming that New Hampshire's worker's compensation statute bars these claims. The plaintiff objects.

A.    Malicious Prosecution:  Civil Action and Criminal Charges

New Hampshire law recognizes plaintiff's claim of wrongful civil action as the tort of malicious prosecution of a civil action. See Business Publications, Inc. v. Stephen, 140 N.H. 145, 147-48 (1995); ERG, Inc. v. Barnes, 137 N.H. 186, 190 (1993). "[T]he initiation of vexatious civil proceedings known to be groundless . . . is governed by substantially the same rules as the malicious prosecution of criminal proceedings." See Business Publications, 140 N.H. at 147. According to New

Hampshire law, a successful claim for malicious prosecution of either a civil or criminal action requires the plaintiff to prove four elements: (1) the defendant instituted a civil proceeding or caused criminal charges to be filed against the plaintiff; (2) the defendant acted without probable cause; (3) the defendant acted with malice; and (4) the civil or criminal proceeding terminated in the plaintiff's favor. See ERG, 137 N.H. at 190; Robinson v. Fimbel Door Co., 113 N.H. 348, 350 (1973).

The parties here do not dispute that the defendant filed a previous civil action against the plaintiff, or that the earlier action was terminated as a result of the defendant's request for a voluntary nonsuit. The parties disagree about the circumstances surrounding the voluntary nonsuit, and consequently, they disagree about whether the civil action terminated in the plaintiff's favor.

A plaintiff can prove that a prior action terminated in his favor by showing that "the proceedings were terminated or abandoned at the instance of the defendant under circumstances which fairly imply the plaintiff's innocence." Robinson, 113 N.H. at 350-51. Therefore, a fact-specific examination of the circumstances surrounding the termination is necessary to decide whether it was terminated favorably for a particular party. See, e.g., McGranahan v. Dahar, 119 N.H. 758, 772 (1979). "When an

7

allegedly malicious action is terminated voluntarily and the original plaintiff's motivation for seeking dismissal is disputed, the question whether the termination was favorable to the original defendant should be submitted to the jury." Whelan v. Abell, 953 F.2d 663, 670 (D.C. Cir. 1992). The plaintiff alleges in his complaint that the prior civil action against him was terminated in his favor by a voluntary nonsuit. This allegation is sufficient to survive a motion to dismiss.

The parties also do not dispute that the defendant caused criminal charges to be filed against the plaintiff. The facts alleged indicate that the criminal action terminated in the plaintiff's favor when the charges were dropped.

The plaintiff has also alleged sufficient facts to infer malice and lack of probable cause. Taking the facts as alleged by the plaintiff to be true, the parties agreed in April of 1997 that the defendant would sell Tech Tools to the plaintiff, and documents were drawn up to effectuate the sale. Within two months of reaching this agreement, the plaintiff learned that the defendant had discussed a possible sale of Tech Tools with at least one other potential buyer. Shortly thereafter, the defendant terminated the plaintiff's employment, knowingly made a false report alleging criminal activity by the plaintiff to the police, and hired a private investigator and an attorney to

8

supply the police with information concerning the plaintiff's alleged criminal conduct, conduct which the defendant knew was legitimate. Within one year, the defendant (under the name Tech Tools) filed a civil action for conversion against the plaintiff. Both the civil action and the criminal charges were eventually dropped.

Assuming these facts to be true for purposes of deciding this motion, it does not "strain the imagination," McGranahan, 119 N.H. at 771, to infer that the defendant's civil action for conversion involved substantially the same allegations on which the criminal charges were based. From the specific facts that the plaintiff alleges in support of his claims for malicious prosecution, one can infer that the defendant acted maliciously to cause criminal charges to be brought against the plaintiff and to bring civil suit against the plaintiff. Furthermore, the plaintiff alleges that the defendant knew that its accusations were false, and therefore that the defendant lacked probable cause to bring the civil action or criminal charges. "Fabricating probable cause plainly supports an inference of malice." Britton v. Maloney, 981 F. Supp. 25, 50 n.52 (D. Mass. 1997).

The court concludes that the plaintiff has alleged specific facts supporting his allegations that the defendant caused a

9

civil action and criminal charges to be instituted against the plaintiff, that the defendant did so with malice and without probable cause, and that both the civil action and the criminal proceedings terminated favorably for the plaintiff. Therefore, the court denies the defendant's motion to dismiss the plaintiff's claims for malicious prosecution of a civil and a criminal action.

B.    Intentional and Negligent Infliction of Emotional Distress

The defendant moves to dismiss the plaintiff's claims of intentional and negligent infliction of emotional distress because the plaintiff is barred from bringing them under New Hampshire's worker's compensation statute.

The exclusive remedy provision of the worker's compensation statute precludes claims by employees against employers for personal injury. N.H. Rev. Stat. Ann. ("RSA") § 281-A:8 (Supp. 1998). Under New Hampshire law, emotional distress can be an injury that falls under the statute. See Censullo v. Brenka Video, 989 F.2d 40, 43 (1st Cir. 1993) (citing Bourque v. Town of Bow, 736 F. Supp. 398, 404 (D.N.H. 1990)). Therefore, claims of intentional infliction of emotional distress against an employer are generally barred by the worker's compensation statute. See Young v. Conductron Corp., 899 F. Supp. 39, 41 (D.N.H. 1995);

10

<u>Gilbert v. Essex Group, Inc.</u>, 930 F. Supp. 683, 690 (D.N.H. 1993); <u>O'Keefe v. Associated Grocers of New England, Inc.</u>, 120 N.H. 834, 835-36 (1980). Claims of negligent infliction of emotional distress are similarly barred. <u>See</u> <u>Holland v. Chubb Am. Serv. Corp.</u>, 944 F. Supp. 103, 105 (D.N.H. 1996); <u>Miller v. CBC Cos.</u>, 908 F. Supp. 1054, 1068 (D.N.H. 1995). A parent corporation enjoys the same immunity from suit provided by the statute as does its subsidiary, as long as the parent corporation is the alter ego of its subsidiary. <u>See</u> <u>Young</u>, 899 F. Supp. at 41 (citing <u>Leeman v. Boylan</u>, 134 N.H. 230, 234 (1991)).

The plaintiff alleges facts in his complaint which indicate that ACT is the alter ego of Tech Tools, and he does not dispute this conclusion in his memorandum in opposition to the defendant's motion to dismiss. As for the plaintiff's claim that RSA § 281-A:8, I(b) excepts intentional torts committed by an employer, the statute clearly limits this exception to claims that are brought against an officer, director, agent, servant or employee of the employer. Since the plaintiff brings his claim against the parent corporation, ACT, the claim is governed by RSA § 281-A:8, I(a), which does not provide an exception for intentional torts.[4]

---

[4]The court notes that plaintiff misquoted RSA section 281-A:8, I(b) in his memorandum in opposition to this motion. The statute states that an employee is presumed to have waived his

The plaintiff also argues that because the injurious acts allegedly committed by the defendant occurred after the plaintiff's employment was terminated, his injuries did not arise out of and in the course of his employment, as is required by the statute. RSA § 281-A:2, XI (Supp. 1998). The consequences of an employee's termination are a foreseeable part of any course of employment, and the statute applies to injuries suffered as a direct result of the circumstances accompanying termination. See Frechette v. Wal-Mart Stores, 925 F. Supp. 95, 99 (D.N.H. 1995) (citing Kopf v. Chloride Power Elecs., 882 F. Supp. 1183, 1191 (D.N.H. 1995)). The facts taken as alleged indicate that the plaintiff's injuries were related to the termination of his employment and to questions concerning his job performance while employed by Tech Tools. The plaintiff's injuries clearly arose out of and in the course of his employment with Tech Tools.

Therefore, because RSA § 281-A:8 bars actions against a plaintiff's employer for personal injuries, including emotional distress, the court grants the defendant's motion to dismiss the plaintiff's claims for intentional and negligent infliction of emotional distress.

---

rights of action "[e]xcept for intentional torts, *against* any officer, director, agent, servant or employee acting on behalf of the employer . . . ." RSA § 281-A:8, I(b) (Supp. 1998) (emphasis added).

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion to dismiss (document no. 4) is granted as to the plaintiff's claims for intentional infliction of emotional distress and negligent infliction of emotional distress, but is denied as to the plaintiff's claims for malicious prosecution of a civil action (wrongful civil action) and malicious prosecution of a criminal action.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

September 21, 1999

cc:  Francis L. Cramer III, Esquire
     George R. Moore, Esquire